**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

RONALD E. WALKER,

          Petitioner/Movant,

v.                                     CIVIL ACTION NO. 2:03-2193
                                          (Criminal No. 2:01-00103)

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Docket 112, 127]. This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact [Docket 139] and recommended that the court deny the petitioner's § 2255 motion. The petitioner, Ronald E. Walker, filed objections to the Magistrate Judge's findings and recommendations, which the court has carefully considered. For the reasons herein, the court **ADOPTS** the findings and recommendations of the Magistrate Judge, **DENIES** the petitioner's motion, and **DISMISSES** this case from the docket.

The petitioner's statement of the law concerning the standard for reviewing documents filed by pro se parties is correct. (Pet.'s Obj. ¶ 1.) The petitioner's assertion that the standard for ineffective assistance of counsel outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to the plea process is also correct. (Pet's Obj. ¶ 4.) The petitioner's other objections, however,

concern problems with the performance of his counsel during the plea process. The petitioner asserts his attorney provided ineffective assistance of counsel by failing to accurately disclose the government's plea offer of 48 months imprisonment. As a result, the petitioner was tried by a jury, which convicted him of aiding and abetting mail fraud, wire fraud, and using fire in the commission of a federal felony. He was sentenced to a 157-month prison term, eight years of supervised release, a special assessment of $600, and restitution of $137,394.09.

As explained by the Magistrate Judge, the petitioner's challenges to the plea process via an amendment to his original § 2255 motion are barred because the amendment was filed more than one year after the judgment became final. The judgment became final on December 23, 2002. The petitioner's original § 2255 motion was filed on September 22, 2003, which was within the one-year time limit. The petitioner, however, did not raise any issues with the plea process until May 17, 2004. Courts allow relation back to the date of the original motion for amendments filed after the one-year deadline when the amendment alleges "claims that are tied to a common core of operative facts." *Mayle v. Felix*, 125 S. Ct. 2562, 2574 (2005). The petitioner's original motion in this case focused on trial and sentencing, not the plea process. (Prop. Find. and Rec. 8.) Specifically, it focused on "jury instructions, trial strategy and performance, alleged prosecutorial misconduct, sentencing guidelines application and proof, confrontation of witnesses, admission of hearsay, [and] failure to file motions to suppress." *Id.* Because the plea process is separate in both time and type from the original motion's claims, the amendment raising problems in the plea process is not tied to the original motion's common core of operative facts. Therefore, the amendment filed after the deadline cannot relate back to the original motion that was filed timely. Accordingly, the petitioner is barred from raising issues with the plea process.

The petitioner's claim that *Blakely* should be retroactive is not time-barred because this claim is tied to the original motion's common core of operative facts. This claim, however, lacks merit as all courts considering the issue have decided that *Blakely* is not retroactively applicable. *McReynolds v. United States*, 397 F.3d 479, 480–81 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844, 848 (10th Cir. 2005).

For these reasons, the court **ADOPTS** the findings and recommendations of the Magistrate Judge, **DENIES** the petitioner's motion, and **DISMISSES** this case from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       October 3, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE