IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

UNITED STATES OF AMERICA,

      Plaintiff/Respondent/Appellee,

v.                         Case No. 2:01-cr-00103 (SD/WV)
                              Case No. 2:03-cv-02193 (SD/WV)
                              Appeal No. 06-7848 (4th Circuit)

RONALD E. WALKER,

      Defendant/Movant/Appellant.

## PROPOSED FINDINGS AND RECOMMENDATION

Ronald E. Walker ("Walker") is serving a 157 month sentence imposed on February 28, 2002. By Judgment Order entered October 4, 2005 (docket # 144), the presiding District Judge, the Hon. Joseph R. Goodwin, now Chief Judge, denied Walker's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Pursuant to Rule 4(a)(1)(B), *FRAP*, the Notice of Appeal and Request for Certificate of Appealability were due in the Clerk's office no later than December 5, 2005 (Monday). The Notice and the Request were docketed in the Clerk's office on December 9, 2005 (## 145, 146).

On July 10, 2007, the United States Court of Appeals for the Fourth Circuit remanded this matter to this district court for the limited purpose of determining whether the Notice of Appeal, concerning the denial of Walker's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, was timely filed (# 158).

By Order entered October 30, 2007 (# 161), Chief Judge Goodwin referred the matter to the undersigned for the limited purpose of developing additional evidence of record and to submit proposed findings and recommendation concerning this issue.

Walker submitted an Affidavit (# 163), dated November 8, 2007, postmarked November 9, 2007, filed November 13, 2007, in which he stated that he prepared his Notice of Appeal (# 145) on November 25, 2005 (Friday), and he prepared his Request for Certificate of Appealability (# 146) on November 28, 2005 (Monday). His affidavit and the certificate of service associated with the two documents state that he mailed them on November 28, 2005. The documents in the Clerk's file confirm these dates.

By Order entered December 6, 2007 (# 165), the United States was directed to file a response, which was filed on January 4, 2008 (# 167). The government's Response argues that Walker's Notice of Appeal was not timely filed. (# 167, at 3-4.) The Response includes a Declaration of Jacqueline Johnson, Supervisory Inmate Systems Specialist at FCI-Elkton, concerning the process for taking inmate mail to the Postal Service during the period in question. (# 167-2, Ex. A at 1-2.) There was no log maintained of outgoing mail. Id., ¶ 6, at 2. The process was that inmates deposited their mail in a particular location. If the mail were properly addressed, it was supposed to be stamped on the back side of the envelope with cautionary language, the name and address of the

2

institution, and "space for the date to be entered." Id., ¶ 3, at 2, 20; Bureau of Prisons Program Statement 5265.11, 7/9/99, ¶ 15.d. The mail was then supposed to be taken to the post office the next non-holiday weekday morning. Id., ¶ 3, at 2. The original envelope which contained Walker's original Notice and Request has neither the required stamp, nor the name and address of the institution, nor the date.

Walker's Reply (## 168-2, 171) was filed on February 1, 2008. He asserts that the postmark on the envelope was more likely December 1, 2005 (Thursday), noting that he placed the Notice of Appeal and Request in the appropriate depository on November 28, 2005 (Monday). Id., at 2. He also contends that there have been chronic problems of delay in the process of mail at FCI Elkton, and he submitted the affidavit of another inmate, Bruce Ziskind, in support (# 169).

Attached to this Proposed Findings and Recommendation and marked as Court Exhibit 1, is a copy of the original envelope in which the Notice of Appeal was mailed. It is the best copy which could be made of the envelope; the copy looks just like the original. The postmark is incomplete. While an argument can be made that the postmark reads "Youngstown, OH 445 7 DEC 2005," it is not completely clear. December 7, 2005 was a Wednesday.

The court has examined other envelopes mailed by Walker to the Clerk. Not all mailings to the Clerk have envelopes attached. The

chart below sets forth facts concerning the envelopes in the file:

| Docket # | Date signed by Walker | Stamp Y/N | Stamp Date | Postmark Date | Date Docketed |
|----------|----------------------|-----------|-----------|---------------|---------------|
| 122 | 3/16/04 | Y | 3/17/04 | 3/17/04 | 3/19/04 |
| 127 | 7/15/04 | N | N/A | 7/1?/04 | 7/19/04 |
| 140 | 8/9/05 | N | N/A | 8/10/05 | 8/12/05 |
| 142 | 9/12/05 | N | N/A | 9/1?/05 | 9/15/05 |

Because Defendant/Movant is incarcerated, the notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court. *FRAP* 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988). Walker did not include a declaration or a notarized statement as to the date of deposit and postage, as permitted by *FRAP* 4(c)(1).

The undersigned is faced with the following facts, which are not likely to change if an evidentiary hearing were to be held. In the past, Walker's certificates of service have usually reported accurately the date he signed the document and delivered it to prison authorities for mailing. Moreover, the file reflects Walker's attention to deadlines, as shown by his usually meeting such deadlines, and his occasional requests for extensions of time (## 113, 117, 122, 136, 140). The Declaration by Jacqueline Johnson does not address the mailing of the specific documents at issue, and it is clear that no Bureau of Prisons employee can testify as to the date on which Walker delivered the documents to prison authorities. It is apparent that FCI Elkton did not

4

consistently comply with the Bureau of Prisons Program Statement in stamping the back side of Walker's envelopes with the name and address of the institution and the date of the mailing.  Walker has submitted the affidavit of an inmate who experienced significant delays in processing of mail at FCI Elkton during the period in question.   The postmark on the envelope cannot be read with confidence; even if we could read the postmark, it would not establish the date on which Walker delivered the documents to the prison authorities.   The only evidence as to the date Walker delivered the documents to the prison authorities is his affidavit.

Under the circumstances, the undersigned proposes that the presiding District Judge **FIND** that in the absence of persuasive proof to the contrary, it is more likely than not that Walker delivered the documents to prison authorities with proper postage on November 28, 2005, and the documents should have been delivered to the post office for mailing on November 29, 2005, but they were not.  Accordingly, it is respectfully **RECOMMENDED** that Chief Judge Goodwin **FIND** that Walker's Notice of Appeal and Request for Certificate of Appealability were timely delivered to prison authorities on or before December 3, 2005, and supplement the record to that effect.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief Judge.  Pursuant to the

provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, Ronald E. Walker, and to transmit it to counsel of record.

March 10, 2008
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge

6